UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT IRACHETA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Case No. 1:16-CV-00305-EJL<br>　　　　　1:15-CR-00103-EJL<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Before the Court in the above-entitled matter are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and Motion for Requesting Appointment of Counsel. (CV Dkt. 1, 2.)[1] The Government has filed a Motion to Dismiss. (CV Dkt. 6.) Because it is clear that Petitioner has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," this Court denies the § 2255 Motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

---

[1] In this Order, the Court will use (CR Dkt.  ) when citing to the criminal case (1:15-cr-103-EJL) and (CV Dkt.  ) when citing to the civil case (1:16-cv-00305-EJL).

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

On August 27, 2015, Petitioner, Robert Iracheta, plead guilty to Possession of a Controlled Substance with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A). (CR Dkt. 23, 24.) This Court sentenced Mr. Iracheta on November 24, 2015 to 120 months on the drug charge and 60 months on the firearms charge to run consecutively for a total of 180 months imprisonment to be followed by a term of supervised release. (CR Dkt. 38, 39.) No appeal was filed.

On July 5, 2016, Mr. Iracheta filed the instant § 2255 Motion seeking to correct his sentence in light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015) and Motion for Appointment of Counsel. (CR Dkt. 41) (CV Dkt. 1, 2.) The Government has filed a Motion to Dismiss arguing *Johnson* does not apply to this case. (CV Dkt. 6.)

## DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255.

The Supreme Court in *Johnson* held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), which imposes a minimum 15 year sentence for individuals who had three or more prior convictions for a "violent felony," to be unconstitutionally vague and violated due process. *See Johnson*, 135 S.Ct. at 2557-60. The "residual clause" defined "violent felony" to include a felony that "involves conduct that presents a serious potential physical risk of physical injury to another." *See id.*

In this case, Mr. Iracheta was subject to an increased penalty pursuant to 18 U.S.C. § 924(c)(1)(A) and (2) because he possessed a firearm in furtherance of a drug trafficking offense. The "crime of violence" subsection, 18 U.S.C. § 924(c)(3), and its residual clause did not apply. Therefore, the *Johnson* decision does not apply here and Mr. Iracheta is not entitled to relief on his § 2255 Motion. *See United States v. Gibson*, Cr. No. 3:09-931-CMC, 2016 WL 4196657, at *2 (D.S.C. Aug. 9, 2016); *Eldridge v. United States*, No. 16-cv-3173, 2016 WL 4062858, at *3 (C.D. Ill. July 29, 2016). The Government's Motion to Dismiss is granted. (CV Dkt. 6.) The Petitioner's Motion for Appointment of Counsel is denied. (CV Dkt. 2.)

The Court also denies issuance of a certificate of appealability (COA). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional

MEMORANDUM DECISION AND ORDER - 3

claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, Mr. Iracheta has not shown the deprivation of any constitutional right as no reasonable jurist would disagree that *Johnson* does not apply to this case.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1. The Government's Motion to Dismiss (CV Dkt. 6) is **GRANTED**.

2. Petitioner's § 2255 Motion to Vacate, Correct, or Set Aside his Sentence (CR Dkt. 41) (CV Dkt. 1) is **DENIED**.

3. Petitioner's Motion Requesting Appointment of Counsel (CV Dkt. 2) is **DENIED**.

4. Certificate of Appealability is **DENIED**.

DATED: October 21, 2016

Edward J. Lodge
United States District Judge